**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL DWAYNE THOMAS**

Plaintiff,

Judge
Magistrate
Case No:

Vs

**UNIVERSITY OF MICHIGAN,**
**LYNN NODER-LOVE, DET.**
**RYAN CAVANAUGH, DEPUTY**
**SCOTT HEDDLE, DEPUTY**
**WILLIAMCOGGINS, and**
**UNIVERSITY OF MICHIGAN**
**HEALTH SYSTEM**

Defendants,
________________________________________________________/

**LAW OFFICES OF CYRIL C. HALL, P.C.**
By: Cyril C. Hall (P29121)
Attorney for Plaintiffs
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930

**LAW OFFICES OF DIANA MCCLAIN & ASSOC., P.C.**
By: Diana L. McClain (P54781)
Attorney for Plaintiffs
7071 Orchard Lake Rd., Ste. 360
West Bloomfield, Michigan 48322
(248) 539-3714
dlmcclain@aol.com
________________________________________________________/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, MICHAEL DWAYNE THOMAS, by and through their attorneys, LAW OFFICES OF CYRIL C. HALL and THE LAW OFFICES OF DIANA L. McCLAIN & ASSOCIATES, P.C. in support of Plaintiffs' Complaint states unto this Honorable Court as follows:

## INTRODUCTION

1. That Plaintiff, MICHAEL THOMAS is a resident of the City of Ypsilanti, County of Washtenaw and State of Michigan.

2. That at all times referred to, Defendant, University of Michigan's principal place of business is in Washtenaw County, Michigan.

3. That at all relevant times Defendant Lynn Noder-Lover was an employee of Defendant, University of Michigan, and upon information and belief, she is a resident of Ann Arbor, Michigan

4. That at all times referred to, Defendant, University of Michigan Health System's principal place of business is in Washtenaw County, Michigan.

5. That at all relevant times Defendant Lynn Noder-Lover was an employee of Defendant, University of Michigan Health Systems, and upon information and belief, she is a resident of Ann Arbor, Michigan.

6. That Det. Ryan Cavanaugh, at all relevant times, was a POLICE OFFICER who worked for the University of Michigan Police Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Washtenaw in the State of Michigan

7. That Deputy Heddle, at all relevant times, was a POLICE DEPUTY who worked for the Washtenaw Sheriff Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Washtenaw in the State of Michigan

8. That Deputy Coggins, at all relevant times, was a POLICE DEPUTY who worked for the Washtenaw Sheriff Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Washtenaw in the State of Michigan

9. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, cost and attorney fees, and all events hereafter alleged occurred in the City of An Arbor , County of Washtenaw , State of Michigan and therefore, venue and jurisdiction is proper in this Court.

## **<u>FACTUAL ALLEGATIONS</u>**

10. Plaintiffs hereby re-alleges and incorporates by reference, Paragraphs 1 through 9 of Plaintiffs' Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

11. That defendant appeared before Judge Julie Creal, Ann Arbor District Court Judge on June 29, 2011, to swear to facts in order to obtain a warrant for the arrest of Plaintiff

12. That during the swear to Det. Ryan made the following statements under oath:

    a. On or about June 24, 2011, an individual/ victim by the name of Mr. Galbreath alleged that he was attacked by an unknown back male.

    b. That the individual/victim further alleged that the alleged suspect had a disguise, approached him at a fast pace and had a stun gun.

    c. That the victim also stated that he was stunned by the stun gun, at which time he fell to the ground, he grabbed the suspect's leg in fear at which time the suspect began to kick the victim in the head several time.

    d. That there was surveillance footage of the incident

    e. That a manger, Defendant, Lynn Noder-Love, who was not the victim or part of the incident, reviewed the surveillance footage and identified an individual leaving the site of the assault as Plaintiff, Michael Dwayne Thomas, a former employee of that location.

    f. That on June 27, 2011, Plaintiff was arrested by Defendants Heddle and Coggins, put in handcuffs and place in their patrol vehcile

    g. That Michael Dwayne Thomas was taken into custody three days later and that he was currently being held.

13. That at the time of the swear to defendant Cavanaugh had copies of the surveillance footage and a booking photo of Plaintiff, and knew that Plaintiff was not the individual in the surveillance footage

14. That Defendant Det. Cavanaugh failed to inform Judge Creal of the exculpatory evidence regarding the two different photos.

15. That had Judge Creal been informed about the two different photos and had the opportunity to review same, Judge Creal would not have authorized the warrant for Plaintiff's arrest.

16. That also during the swear to defendant, Det. Cavanaugh, stated that his investigation discovered surveillance footage of the incident and that a manger positively identified the suspect in the video leaving the site of the assault as Plaintiff.

17. That there was no surveillance footage of the incident and Defendant Det. Cavanaugh misrepresented these facts to the Court.

18. That Defendant Det. Cavanaugh also failed to inform the Judge that the alleged victim could not identify the subject in the surveillance footage as Michael Dwayne Thomas.

19. That from Defendant Det. Cavanaugh's investigation he was aware that the victim knew Plaintiff as a former employee of the hospital.

20. That without the misrepresented states and Defendant's failure to had provided the Court with the two photos, there was no probable cause to obtain a warrant for Plaintiff arrest and detention.

21. That after a warrant for Plaintiff's arrest was obtained by Det. Cavanaugh, Plaintiff was arraigned on the following charges harmful devices MCL 750.200i(2)(a), Assault with intent to do great bodily harm MCL 750.84, Weapons –Dangerous MCL 750.226, weapons –Taser MCL750.224a and Felonious Assault MCL 750.82 on or about June 29, 2011, and given a bond of $100,000.0 cash or surety bond

22. That Plaintiff bonded out of custody and prepared to attend his preliminary exam in order to defend against the charges.

23. That on July 6, 2012, the preliminary exam was scheduled, Attorney Ronald McDuffie meet with the APA, to discuss the case and to review the surveillance photos and the Plaintiff's booking photos.

24. That upon the APA's review of the photos the case against Plaintiff was dismissed because it was determined that Plaintiff was not the individual in the surveillance footage.

25. That the Plaintiff was required to retain counsel in order to defend against the charges that had been issued against him.

26. That as a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Michigan with said actions causing Plaintiff significant physical and mental suffering.

27. That Defendant University of Michigan, as a matter of practice, policy and custom, has, with deliberate indifference failed to sanction or discipline officers, including the Defendants in this case, who concealed violations of the constitutional rights of citizens by other officers, thereby causing and encouraging officers, including the Defendants in this cause, to engage in unlawful and unconstitutional conduct.

28. That Defendant University of Michigan, was deliberately indifferent to, and permitted and tolerated a pattern and practice of violation of constitutional rights

, although such violation of rights were improper, the officers involved were not prosecuted, disciplined or subjected to re-training.

29. That the policies and practices complained of include, but are not limited to the following:
    a. Deliberate indifference in failing to train and re-train the officers to follow constitutional precedent and legal guidelines in the detention and questioning of individuals ;

    b. deliberate indifference in failing to train and re-train officers in the application of reasonable inquiry regarding arrest and detention of individuals;

    c. deliberate indifference to properly supervise officers deliberately encouraging an atmosphere of lawlessness by University of Michigan officers when dealing with the public;

**<u>COUNT I - GROSS NEGLIGENCE AS TO DEFENDAN DET RYAN CAVANAUGH DEFENDANT DEPUTY HEDDLE, DEFENDANT DEPUTY COGGINS and LYNN NODER-LOVE</u>**

30. Plaintiffs hereby re-alleges and incorporates by reference, Paragraphs 1 through 29 of Plaintiffs' Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

31. That Defendant Ryan Cavanaugh's and Defendant Lynn Noder-Lover's actions were grossly negligent.

32. At all times relevant herein, Defendants had the following ministerial duties, notwithstanding their standard duty of care:

    a) To use due care in ascertaining whether there is probable cause to request a warrant for a specific crime or offense

    b) To use due care in ascertaining whether there is probable cause to authorize a warrant for a specific crime or offense

    c) To obey all statutes, rules, regulations and applicable laws; and

    d) To preserve the peace and protect the lawful rights of citizens.

33. Defendant officers breached the aforementioned duties and were grossly negligent, as defined by statute, to-wit: MCLA 691.1407, when they conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some or all of the following particulars:

   a) To use due care in ascertaining whether there is probable cause to request a warrant for a specific crime or offense

   b) To use due care in ascertaining whether there is probable cause to authorize a warrant for a specific crime or offense

   c) To obey all statutes, rules, regulations and applicable laws; and

   d) To preserve the peace and protect the lawful rights of citizens.

34. As a direct and proximate result of the Defendants aforementioned wrongful conduct, Plaintiffs experienced loss of enjoyment of life, humiliation, and degradation .

**WHEREFORE**, Plaintiffs seek judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT DET. RYAN CAVANAUGH, DEFENDANT DEPUTY HEDDLE , DEFENDANT DEPUTY COGGINS and DEFENDANT LYNN NODER-LOVE**

35. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 34 paragraph by paragraph and word for word, as if fully set forth herein.

36. That the Defendants’, Defendant Cavanaugh and Noder-Love, false statements leading to the arrest of the Plaintiffs probably resulted in emotional distress to Plaintiff.

37. That defendant deputies Heddle and Coggins false arrest resulted in emotional distress to the Plaintiff

38. That the events described above caused severe emotional distress to Plaintiff.

39. That the emotional distress suffered by Plaintiffs, physically manifested itself in symptoms including, but not limited to:

(a) Shaking hands;
(b) Sleeplessness;
(c) Increased anxiety
(d) Headaches;
(e) Nausea
(f) Nightmares
(g) Crying and Spells
(h) Cold sweats
(i) Loss of appetite;
(j) Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter

**WHEREFORE,** Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT III :VIOLATION OF 42 U.S.C. - 1983 AS TO ALL DEFENDANTS**

40. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 39 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

41. That Plaintiff had the following clearly established rights:

a) to be free from unreasonable search and seizure;

b) to be free from deprivation of liberty without due process.

42. That the conduct of the Defendants as alleged in this Complaint was, at all times pertinent, unlawful, deliberately indifferent to Plaintiffs' rights, objectively unreasonably, negligent, grossly negligent, reckless, willful and wanton.

43. At all times relevant herein, Defendants, notwithstanding their standard of duty of care, owed to Plaintiffs the following duties:
    a. to refrain from inflicting intentional emotional distress upon Plaintiffs;
    b. to refrain from arresting Plaintiff without having established probable
    c. cause to obtain a warrant to refrain from making false statements in order to obtain a warrant
    d. to refrain from retaliatory prosecution

44. Defendants intentionally, willfully, wantonly and recklessly breached one or more of said duties by:
    a. to refrain from inflicting intentional emotional distress upon Plaintiffs;

b. to refrain from arresting Plaintiff without having establish probable cause to obtain a warrant
c. to refrain from making false statements in order to obtain a warrant
d. to refrain from retaliatory prosecution

45. At all times relevant herein, Defendants were acting within the scope of their employment for Defendant law enforcement agencies, and under color of their authority as law enforcement officers with these agencies.

46. As a direct and proximate result of said intentional willful, wanton and reckless conduct of Defendants, Plaintiff suffered serious and permanent injuries to their bodies and minds, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE**, Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT IV: FALSE ARREST AND FALSE IMPRISONMENT AS TO DET. RYAN CAVANAUGH, DEFENDANT DEPUTY HEDDLE and DEFENDANT DEPUTY COGGINS**

47. That Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 46 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

48. That Defendant, Police Officer Ryan Cavanaugh was at all times herein mentioned, duly appointed and acting police officer with the University of Michigan, County of Washtenaw , and State of Michigan.

49. That on or about June 27, 2011, Defendant police officer, Ryan Cavanaugh, acting in his capacity as police officer for the University of Michigan arrested Plaintiff Michael Dwayne Thomas and Plaintiff thereupon was wrongfully and unlawfully confined for hours.

50. That Defendant deputies Heddle and Coggins was at all times herein mentioned, duly appointed and acting officers with the Washtenaw Sheriff Department.

51. That on or about June 27, 2011, Defendant deputies, Heddle and Coggins, acting in their capacity as police officer for the Washtenaw Sherriff Department arrested Plaintiff Michael Dwayne Thomas and Plaintiff thereupon was wrongfully and unlawfully confined.

52. That during the arrest of the Plaintiff was deprived of his liberty, has suffered great mental pain, anguish and suffering, and has been humiliated and embarrassed.

**WHEREFORE**, Plaintiffs seek judgment against Defendant, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT V: CONSTITUTIONAL DEPRIVATION INDIVIDUAL LAW ENFORCEMENT OFFICER DEFENDANT DET. RYAN CAVANAUGH, DEFENDANT DEPUTY HEDDLE and DEFENDANT DEPUTY COGGINS**

53. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 52 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

54. Jurisdiction is based on 29 USC Subsection 1331.

55. At all times relevant herein, Defendants acted under color of statutes, ordinances, regulations and/or customs of the State of Michigan, and pursuant to the customs, policies and/or practices of The Washtenaw Sheriff Department and Defendant University of Michigan, all of which subjected all of the above-named Plaintiff to the deprivation of their rights, privileges and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

56. The Civil Rights Act, 42 USC SS1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

57. Defendants are civilly liable to Plaintiff pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I through V were committed under color of law and pursuant to the customs, policies and/or practices of Defendant University of Michigan and its police department, all of which subjected Plaintiffs to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments IV.

58. As a direct and proximate result of the aforementioned wrongful, conduct and Constitutional violations, Plaintiffs suffered serious and permanent injuries to their mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment

of life, humiliation, degradation, and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT VI - CONSTITUTIONAL DEPRIVATION MUNICIPAL/SUPERVISORY LIABILITY AS TO DEFENDANT UNIVERSITY OF MICHIGAN AND UNIVERSITY OF MICHIGAN HEALTH SYSTEMS**

59. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 58 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

60. At all times relevant herein, Defendants by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate, mistreat and falsely arrest and imprison Plaintiffs and thereby directly and proximately caused Plaintiffs to be deprived of their liberty and their right to be free from the use of excessive force, false arrest, false imprisonment, unreasonable search and seizure and other unreasonable intrusions against their persons without due process of law, in violation of the United States Constitution, Fourth Amendment.

61. At all times relevant herein, Defendants, by their own customs, policies, and/or practices of systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of his liberty and his right to be free from unreasonable searches and seizures, the use of excessive force, false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Article 1m Subsection 11 and 17.

62. Defendant police officer Ryan Cavanaugh, and employee Lynn Noder-Lover are liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions which constituted customs, policies and/or practices which resulted in the unlawful, unjustified and wrongful seizure of Plaintiffs' liberties, person and health without due process of law, all of which were proximate results of their injuries.

63. At all times relevant herein, Defendants University of Michigan, and by its failure to intervene to prevent the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision, proximately caused Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, fourth Amendments ,

64. At all times relevant herein, Defendant University of Michigan, and by ITS direction from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision were foreseeable, allowed, acquiesced in and/or encouraged Defendants POLICE OFFICER and other unknown persons, to function as police officers and to unconstitutionally search and seize citizens, including Plaintiffs, thereby proximately causing Plaintiff to be deprived of their liberty, and their freedom from unreasonable searches and seizures, false arrest, false imprisonment and other unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, Fourth Amendments.

65. At all times relevant herein, Defendants, University of Michigan and by its failure to correct the behavior of the employees and/or agents under his supervision which said Defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent, and/or omissions of Defendants allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate, mistreat, unlawfully search and falsely arrest and imprison citizens, including Plaintiff, thereby proximately causing Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of United States Constitution, Fourth Amendments.

66. Defendant University of Michigan , and is liable for its acts and/or omissions resulting in violations of the Constitution of the United States.

67. The Civil Rights Act, 42 USC SS 1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

68. Defendants are civilly liable to Plaintiffs pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I through V were committed under color of law and pursuant to the customs, policies and/or practices of Defendants

University of Michigan and its police department, all of which subjected Plaintiff to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

69. As a direct and proximate result of said Constitutional violations, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE**, Plaintiff seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT VII :MALICIOUS PROSECUTION AS TO DEFENDANTS DET. RYAN CAVANAUGH and LYNN NODER-LOVE**

70. Plaintiff incorporates by reference paragraphs 1 through 69.

71. Defendants instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice.

72. Upon information and belief, Defendants instituted the investigation without good cause or faith which include, but are not limited to, the following:

    a. vexation/ malice
    b. damage to Plaintiff's professional reputation
    c. damage to Plaintiff's community reputation

73. MCLA 600.2907, MSA 27A.2907 provides for civil and criminal liability for every person who, for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

74. The while the University of Michigan Police Department continued the investigation of Defendant's allegations, on a date certain the charges against Plaintiff were dismissed

75. As a direct result of Defendants' malice in making allegations that initiated the criminal investigation, Plaintiff has suffered damage, including, but not limited to, harm to his professional reputation and his reputation in the community, mental anguish, and being subjected to a police interrogation regarding the allegations.

**WHEREFORE**, Plaintiff seek judgment against Defendants, in whatever amount up to SEVENTY-FIVE ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages

Respectfully Submitted:

Dated: June 28, 2013

**LAW OFFICES OF CYRIL C. HALL, P.C.**

/s/ CYRIL C. HALL
By: Cyril C. Hall (P29121)
Attorney for Plaintiff
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930

Dated: June 28, 2013

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL DWAYNE THOMAS**

Plaintiff,

Judge
Magistrate
Case No:

Vs

**UNIVERSITY OF MICHIGAN,**
**LYNN NODER-LOVE, DET.**
**RYAN CAVANAUGH, DEPUTY**
**SCOTT HEDDLE, DEPUTY WILLIAM**
**COGGINS, and UNIVERSITY**
**OF MICHIGAN HEALTH SYSTEM**

Defendants,
_______________________________________________________________/

**LAW OFFICES OF CYRIL C. HALL, P.C.**
By: Cyril C. Hall (P29121)
Attorney for Plaintiffs
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930

**LAW OFFICES OF DIANA MCCLAIN & ASSOC., P.C.**
By: Diana L. McClain (P54781)
Attorney for Plaintiffs
7071 Orchard Lake Rd., Ste. 360
West Bloomfield, Michigan 48322
(248) 539-3714
dlmcclain@aol.com
_______________________________________________________________/

**JURY DEMAND**

**NOW COMES** Plaintiff by and through their attorneys, LAW OFFICE OF CYRIL C. HALL AND LAW OFFICES OF DIANA L. McCLAIN & ASSOCIATES, P.C. by Cyril C. Hall and hereby rely on the Jury demand submitted with Plaintiffs original Complaint and further continue to request a trial by jury in the within cause of action.

Respectfully submitted:

**LAW OFFICES OF CYRIL C. HALL, P.C.**
/s/ CYRIL C. HALL
By: Cyril C. Hall (P29121)

Dated: June 28, 2013